**Nos. 26-2596, 26-2597**

**UNITED STATES COURT OF APPEALS**
**FOR THE EIGHTH CIRCUIT**

ABBVIE, INC., a Delaware corporation; ALLERGAN, INC., a Delaware corporation; DURATA THERAPEUTICS, INC., a Delaware corporation; ABBVIE PRODUCTS, LLC, a Georgia limited liability company; PHARMACYCLICS, LLC, a Delaware limited liability company; ALLERGAN SALES, LLC, a Delaware limited liability company,

*Plaintiffs-Appellants*,

v.

MARTY JACKLEY, in his official capacity as Attorney General of the State of South Dakota; LARRY DEITER, in his official capacity as Director of the South Dakota Division of Insurance,

*Defendants-Appellees*.

(*Additional Caption on Inside Cover*)

On Appeal from the United States District Court for the District of South Dakota,
Nos. 3:25-cv-03006, 4:25-cv-04156 (Roberto A. Lange, C.J.)

**REPLY IN SUPPORT OF PETITION FOR INITIAL HEARING EN BANC**

MATTHEW S. OWEN
RUSSELL B. BALIKIAN
GIBSON, DUNN & CRUTCHER LLP
1700 M Street NW
Washington, DC 20036
(202) 955-8500
mowen@gibsondunn.com
rbalikian@gibsondunn.com

*Counsel for AbbVie, Inc. et al.*

ALLON KEDEM
JEFFREY L. HANDWERKER
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, N.W.
Washington, DC 20001-3743
(202) 942-5000
allon.kedem@arnoldporter.com
jeffrey.handwerker@arnoldporter.com

*Counsel for AstraZeneca Pharmaceuticals, LP*

September 25, 2026

26-2597

ASTRAZENECA PHARMACEUTICALS, LP

*Plaintiff-Appellant*,

v.

MARTY JACKLEY, in his official capacity as Attorney General of the State of South Dakota; LARRY DEITER, in his official capacity as Director of the South Dakota Division of Insurance,

*Defendants-Appellees*.

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ..... ii

REPLY IN SUPPORT OF INITIAL HEARING EN BANC ..... 1

ARGUMENT ..... 2

I. These Cases Present Significant, Unsettled Constitutional Questions ..... 2

II. The District Courts in this Circuit Are Divided on Preemption. ..... 4

III. This Petition Should Be Granted Independent of *Hanaway*. ..... 6

CONCLUSION ..... 9

CERTIFICATE OF COMPLIANCE ..... 10

CERTIFICATE OF SERVICE ..... 11

## TABLE OF AUTHORITIES

**Cases** **Page(s)**

*AbbVie Inc. v. Drummond,*
808 F. Supp. 3d 1266 (W.D. Okla. 2025) ............................................................6

*AbbVie Inc. v. Wrigley,*
832 F. Supp. 3d 920 (D.N.D. 2026).................................................................4, 6

*AstraZeneca v. McClain,*
No. 24-cv-268, 2025 WL 4092197 (E.D. Ark. Sept. 30, 2025)............................5

*Brandt ex rel. Brandt v. Rutledge,*
No. 21-2875, 2022 WL 16957734 (8th Cir. Nov. 16, 2022)................................8

*Forest Park II v. Hadley,*
336 F.3d 724 (8th Cir. 2003)...............................................................................3

*Geo Grp., Inc. v. Newsom,*
50 F.4th 745 (9th Cir. 2022)................................................................................3

*Novartis Pharms. Corp. v. Hanaway,*
180 F.4th 1097 (8th Cir. 2026).........................................................................2, 8

*Olander v. State Farm Mut. Auto. Ins. Co.,*
317 F.3d 807 (8th Cir. 2003)...............................................................................2

*PhRMA v. McClain,*
95 F.4th 1136 (8th Cir. 2024)........................................................................2, 3, 4

*United States v. Washington,*
596 U.S. 832 (2022)............................................................................................3

*W. Pac. R. Corp. v. W. Pac. R. Co.,*
345 U.S. 247 (1953)............................................................................................1

*Williams v. Nat'l Football League,*
598 F.3d 932 (8th Cir. 2009)............................................................................3, 4

*Wos v. E.M.A. ex rel. Johnson,*
568 U.S. 627 (2013)............................................................................................6

**Statutes**


N.D. Cent. Code § 43-15.3-08(3)(b) ........................................................ 5

S.D. Codified Laws
§ 58-29G-2 ........................................................................................ 5

§ 58-29G-3 ........................................................................................ 5

**REPLY IN SUPPORT OF INITIAL HEARING EN BANC**

This case presents recurring questions of great constitutional importance regarding the limits on a State's power to alter the conditions of participation in a federal program—and to regulate participants and transactions in that program—solely by virtue of their federal status. The issues raised in the Petition have divided courts around the country, including within this Circuit, making this a paradigmatic case for which initial hearing en banc is appropriate. Moreover, those courts have adopted conflicting understandings of this Court's precedent. Review by the full Court would expedite and streamline resolution of these pressing questions. Appellees' arguments to the contrary misunderstand and misstate the issues in these cases and their significance.

Appellees protest (at 1) that Rule 40(g) sets an "extremely high bar" for initial hearing en banc. True, but the bar is not insurmountable, and it is satisfied here. Cases like this one—which asks the Court to "adjudicate constitutional issues [and] questions of national importance" that have sown division in the lower courts, *W. Pac. R. Corp. v. W. Pac. R. Co.*, 345 U.S. 247, 269 (1953)—are precisely the type for which the initial en banc procedure was created. Indeed, the questions presented here already implicate laws in six of the seven States in this Circuit; and they are actively being litigated in seven courts of appeals around the country, plus district courts in two additional Circuits. *See* Pet. 1.

Moreover, the issues presented in this case are broader than and materially different from those that were raised in *Novartis Pharms. Corp. v. Hanaway*, 180 F.4th 1097 (8th Cir. 2026), and *PhRMA v. McClain*, 95 F.4th 1136 (8th Cir. 2024), which the State and district court have misinterpreted as resolving issues they did not address. And, unlike *Novartis*, granting review of AbbVie's and AstraZeneca's petitions may avoid judicial recusals and thus allow the full court to decide the constitutionality of "insidious contract pharmacy laws" like South Dakota's. *Novartis Pharms. Corp. v. Hanaway*, 2026 WL 2729618, at *2 (8th Cir. Sept. 16, 2026) (Traynor, J., dissenting from denial of rehearing en banc). This case thus presents an ideal vehicle to decide the full complement of recurring Supremacy Clause, Takings Clause, and Contract Clause questions that have divided courts nationwide, including within this Circuit. Indeed, it is hard to imagine appeals more deserving of the full Court's attention. *See Olander v. State Farm Mut. Auto. Ins. Co.*, 317 F.3d 807, 812-14 (8th Cir. 2003) (en banc) (Lay, J., dissenting) (discussing circumstances in which en banc review is warranted).

## ARGUMENT

### I. These Cases Present Significant, Unsettled Constitutional Questions.

Appellees seek (at 10) to portray this Petition as a simple attempt to "overturn … *McClain* and *Hanaway*," but that is plainly incorrect. While Appellants disagree with the panel opinions in those cases, these appeals also involve different, critical

constitutional questions that were not addressed in this Court's prior opinions.

First, this case raises issues of intergovernmental immunity and unconstitutional targeting under the Supremacy Clause. While *McClain* and *Hanaway* decided whether statutes characterized as delivery or pharmacy-practice restrictions were *preempted* by Section 340B, these appeals involve a further, different question: Whether a State may single out participants in a federal Spending Clause program solely because they have agreed to contract with the federal government, and then impose state-law burdens on those participants, changing the terms of their participation in the federal program. *See* Pet. 8-9 (quoting *United States v. Washington*, 596 U.S. 832, 838 (2022)). That is a distinct question under the Supremacy Clause from the preemption arguments raised in *McClain*, *see, e.g.*, *Geo Grp., Inc. v. Newsom*, 50 F.4th 745, 758 (9th Cir. 2022) ("Modern Supremacy Clause cases discuss two separate doctrines: intergovernmental immunity and preemption."), which this Court has not yet addressed in the context of contract-pharmacy laws.

This Court has recognized that when "state programs place additional requirements on federal program participants … they are preempted." *Forest Park II v. Hadley*, 336 F.3d 724, 734 (8th Cir. 2003). But neither *McClain* nor *Hanaway* considered that issue, leading to "inconsistent precedents" that "leave the law of the circuit confused and uncertain on a significant issue of federal law." *Williams v. Nat'l*

*Football League*, 598 F.3d 932, 935 (8th Cir. 2009) (Colloton, J., dissenting from denial of reh'g en banc). Here, for example, the district court mistakenly concluded that *McClain* and *Hanaway* foreclosed this Supremacy Clause argument and came to a different conclusion on that question than Judge Traynor did when assessing the constitutionality of an analogous North Dakota law. Pet. 8-10 (discussing *AbbVie Inc. v. Wrigley*, 832 F. Supp. 3d 920, 940-43 (D.N.D. 2026)).

In addition, this case also raises claims under the Takings Clause and the Contract Clause, neither of which was raised or addressed in *McClain* or *Hanaway*. Pet. 9-10. Again, however, the district court read this Court's cases so broadly as to foreclose claims under constitutional provisions this Court did not engage with previously. The district court's decision split from Judge Traynor's decision in the District of North Dakota regarding those claims as well. Pet. 12-13. En banc review thus would provide answers to at least three significant constitutional questions that were not addressed in this Court's prior decisions yet were dismissed as foreclosed by those cases.

## II. The District Courts in this Circuit Are Divided on Preemption.

Even on the question of preemption, the division among the district courts in this Circuit underscores the need for the full Court's review.[1] Appellees try to

---

[1] Appellees wholly ignore the fact that the decision below, which dismissed AstraZeneca's patent law preemption claim, Contracts Clause claim, and Takings Clause claim conflicts with the Eastern District of Arkansas's decision denying a

downplay the conflict by asserting (at 12) that North Dakota's 340B law is "different from the statutes in this case." But North Dakota's and South Dakota's laws are written in near identical terms; serve the very same purpose; and have precisely the same effects on drug manufacturers. Both laws require drug manufacturers to offer their drugs at 340B prices for sales to unlimited contract pharmacies, and both laws prohibit manufacturers from conditioning the offer of 340B prices on covered entities' provision of claims data. *Compare* S.D. Codified Laws §§ 58-29G-2, 58-29G-3, *with* N.D. Cent. Code § 43-15.3-08(3)(b).

The only purported difference is how the States characterized their laws in litigation. Yet both North and South Dakota have described their laws solely as regulations of delivery, not of the terms on which manufacturers offer the 340B price. *See* Mem. in Supp. of J. on the Pleadings at 1, *AstraZeneca v. Wrigley*, No. 25-cv-182 (D.N.D. Nov. 17, 2025), ECF No. 30-1 ("House Bill 1473, a North Dakota law addressing the *delivery* of drugs that are part of the federal 340B program") (emphasis in original); Mem. in Supp. of Mot. to Dismiss at 27, *AstraZeneca v. Jackley*, No. 25-cv-4156 (D.S.D. Dec. 31, 2025), ECF No. 27 ("SB 154 addresses only the delivery of medications and conditions on that delivery that exceeds what

---

motion for judgment on the pleadings on those same claims. *See AstraZeneca v. McClain*, No. 24-cv-268, 2025 WL 4092197 (E.D. Ark. Sept. 30, 2025). Appellees make no attempt to reconcile this conflict, which underscores the importance of the issues presented in these appeals and the need for the full Court's review.

is authorized under federal law."). To be sure, when pressed at oral argument, North Dakota was forced to admit that its law forbids manufacturer policies, like Appellants', that impose conditions on the offer of 340B pricing. *See Wrigley*, 832 F. Supp. 3d at 934-36. South Dakota was never pressed on that point.

Regardless, "how [a state] describes its regulation doesn't end the matter." *AbbVie Inc. v. Drummond*, 808 F. Supp. 3d 1266, 1275 (W.D. Okla. 2025); *see id.* at 1275-77 (finding a similar Oklahoma law regulated the terms on which manufacturers offer the 340B price despite Oklahoma's claims that it regulated delivery). What matters is what the law actually *does*; a State cannot retroactively change the effect of its law through an evasive litigation position. *Wos v. E.M.A. ex rel. Johnson*, 568 U.S. 627, 637 (2013). Here, there is no dispute that South Dakota's law renders unlawful manufacturers' contract-pharmacy policies, including Appellants' policies. These are the very same policies that North Dakota law also forbids—a prohibition Judge Traynor held unlawful in *Wrigley*. *Wrigley*, 832 F. Supp. 3d at 935-39.

## III. This Petition Should Be Granted Independent of *Hanaway*.

Appellees' principal argument (at 1) is that this Court should deny initial hearing en banc because the Court denied Novartis's petition for rehearing en banc in *Hanaway*. Yet while South Dakota's law resembles the Missouri law at issue in *Hanaway*, the petition for rehearing filed in that case was meaningfully different: It

involved a different plaintiff (whose participation may have triggered recusal by members of this Court), different claims, and a different procedural posture. In *Hanaway*, Novartis sought review of the denial of a preliminary injunction, arguing that Missouri's law violated the Dormant Commerce Clause and was preempted by Section 340B. Novartis's lead argument for en banc review was that the panel's Dormant Commerce Clause decision conflicted with another recent decision of this Court. *See* Pet. for Rehearing En Banc at 10-12, *Novartis v. Hanaway*, No. 25-1619 (8th Cir. July 15, 2026). And although the United States filed an amicus brief supporting rehearing—raising an issue of intergovernmental immunity—Missouri argued that Novartis had forfeited that argument. State's Resp. to Pet. for Reh'g En Banc at 18-19, *Novartis v. Hanaway*, No. 25-1619 (8th Cir. Aug. 21, 2026).

This case is different. Appellants plainly preserved claims under the Supremacy Clause based on the targeting of federal programs and the intergovernmental immunity doctrine, the Takings Clause, the Commerce Clause, and the Contract Clause. While Appellants supported en banc review in *Hanaway*, the Petition here noted that "several important arguments in this case were not addressed in *Hanaway*." Pet. 2. This Petition accordingly presents the Court with a unique opportunity to grant review in a case where the full Court can answer all the important, recurring constitutional questions that have divided the lower courts in this Circuit.

Finally, Appellees attempt to minimize the extreme consequences of South Dakota's law with conclusory statements (at 15) that, because Appellants purportedly did not seek preliminary injunctions in their complaints, the law must not have significant effects. Those assertions are false. *See* Am. Compl. ¶ 95, *AstraZeneca v. Jackley*, No. 4:25-cv-4156 (D.S.D. Sept. 26, 2025), ECF No. 16 (South Dakota's law costs AstraZeneca approximately $700,000 per month that can never be recovered); Am. Compl. ¶¶ 124-31, *AbbVie Inc. v Jackley*, No. 3:25-cv-3006 (D.S.D. Aug. 28, 2025), ECF No. 37 (seeking both preliminary and permanent injunctive relief). But regardless, the conventional procedural posture of this case is a reason to *grant* review: The Court can address the constitutional issues directly, rather than evaluating them under a "likelihood of success" standard, and without having to address the other preliminary injunction factors. *See Hanaway*, 180 F.4th at 1106. In any event, the Circuit-wide (and nationwide) importance of the constitutional issues at stake are uncontested. *Cf. Brandt ex rel. Brandt v. Rutledge*, No. 21-2875, 2022 WL 16957734, at *1 (8th Cir. Nov. 16, 2022) (Stras, J., dissenting from denial of reh'g en banc) ("[E]ven if this case never comes back, we may be dealing with its far-reaching consequences for years to come.").

## CONCLUSION

For the reasons set forth above, this Court should grant initial hearing en banc.

Dated: September 25, 2026

Respectfully submitted,

*/s/ Matthew S. Owen*
MATTHEW S. OWEN
RUSSELL B. BALIKIAN
GIBSON, DUNN & CRUTCHER LLP
1700 M Street NW
Washington, DC 20036
(202) 955-8500
mowen@gibsondunn.com
rbalikian@gibsondunn.com

*Counsel for AbbVie, Inc. et al.*

*/s/ Allon Kedem*
ALLON KEDEM
JEFFREY L. HANDWERKER
ARNOLD & PORTER
KAYE SCHOLER LLP
601 Massachusetts Avenue, N.W.
Washington, DC 20001-3743
(202) 942-5000
allon.kedem@arnoldporter.com
jeffrey.handwerker@arnoldporter.com

*Counsel for AstraZeneca Pharmaceuticals, LP*

## CERTIFICATE OF COMPLIANCE

This reply contains 1,914 words, excluding the parts exempted by Fed. R. App. P. 32(f).

This reply complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Office 365 in Times New Roman 14-point font.

The electronic version of this reply has been scanned for viruses and has been found to be virus free.

*/s/ Allon Kedem*
Allon Kedem

## CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Allon Kedem*
Allon Kedem